UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JANE E. GARRAMONE,

                      Plaintiff,

    -against-

SUNY – STONY BROOK UNIVERSITY HOSPITAL
(DENTAL SCHOOL), SUNY SYSTEM BOARD OF
TRUSTEES, CSEA UNION, THE IMA GROUP,
SUNY POLICE AT STONY BROOK UNIVERSITY,

                      Defendants.
----------------------------------------------------------------X

**FILED**
**CLERK**
For Online Publication Only
2/1/2023 4:31 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
23-CV-00066 (JMA) (ARL)

**AZRACK, United States District Judge:**

Before the Court is the in forma pauperis ("IFP") application filed by pro se plaintiff Jane E. Garramone ("Plaintiff"). (*See* ECF No. 2.) For the following reasons, Plaintiff's IFP application is denied without prejudice and with leave to renew upon completion of the AO 239 Long Form IFP application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $402.00 filing fee.

The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. See Davis v. N.Y.C. Dep't of Educ., No. 10-cv-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citation omitted). To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., No. 10-cv-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citation omitted). The court may dismiss a

case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's IFP application, filed together with the complaint, does not include sufficient information concerning Plaintiff's financial position. Plaintiff checked the boxes to indicate that she has not received any income from any source in the past twelve months, yet she included a notation that reads "I just started to receive unemployment" but did not include the amount she had received. (ECF No. 2, ¶¶ 2-3.) While Plaintiff reports having a negative balance in her savings or checking accounts, she reports having three financial dependents and regular monthly expenses that exceed $5,000, including a car lease for a Mercedes Benz, on whose payments she is "usually delinquent." (Id. ¶¶ 4-7.) Plaintiff's IFP application does not include the amount that she contributes towards the financial support for the dependents she identified. (Id. ¶ 7.) Further, although Plaintiff includes a residential address and telephone number in her complaint, her IFP application lacks any expenses associated therewith in the space that calls for regular monthly expenses including housing and utilities. (Id. ¶ 6.)

As is readily apparent, Plaintiff's application raises more questions than it answers. Because the Court finds that Plaintiff can best set forth her current financial position on the Long Form, the present IFP application is denied without prejudice and with leave to renew on the Long Form within fourteen (14) days from the date of this Order. Alternatively, Plaintiff may remit the $402.00 filing fee. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[1]

---

[1] Plaintiff is cautioned that there are no refunds of the filing fee, once paid, regardless of the outcome of the case. Accordingly, Plaintiff is well-advised to consider the substance of her complaint and the requirements of Federal

2

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court shall mail a copy of this Order to the Plaintiff at her address of record.

**SO ORDERED**.

Dated:    February 1, 2023                    /s/ (JMA)
          Central Islip, New York             JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE

---

Rule of Civil Procedure 8. Plaintiff is encouraged to avail herself of the free resources provided by the *Pro Se* Legal Assistance Program run by Hofstra Law School and she may reach them by telephone at 631-297-2575 or by e-mail: PSLAP@hofstra.edu.