UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JANE E. GARRAMONE,

                    Plaintiff,

      -against-

SUNY – STONY BROOK, *et al.*,

                    Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
23-CV-00066 (JMA) (ARL)

FILED
CLERK
2:29 pm, Jul 11, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the renewed in forma pauperis ("IFP") application filed by Jane E. Garramone ("Plaintiff") pursuant to the Court's February 2, 2023 Order. (ECF Nos. 9-10.) Upon review, the Court finds that Plaintiff's reported financial position qualifies her to proceed with this action without prepayment of the filing fee. Accordingly, the Court grants Plaintiff's renewed IFP application. However, for following reasons, the Court finds that Plaintiff has not set forth a plausible claim for relief. Accordingly, the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and with leave to file an amended complaint.

**I.**     **Background**

    **A. The Complaint[1]**

Plaintiff's complaint names "SUNY-Stony Brook Un. Hospital (Dental School) (acting agent)" in the caption as the defendant and then lists the following defendants at pages two and three of the complaint: "SUNY System Board of Trustees (Admin. Judges) & (SUNY Attorneys)" ("SUNY"); "SUNY Police @SBU 'Peace Officers'" ("SUNY Police"); Stony Brook Hospital ("the Hospital" and collectively, the "SUNY Defendants"); CSEA Union ("the Union") and "IMA

---

[1] The following facts are taken from the complaint and are presumed to be true for the purposes of this Memorandum and Order. Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected.

Group PHD'S 'fit for duty'" ("IMA" and collectively "Defendants").  (See Compl., ECF No. 1 at 1-3.)  The complaint is submitted on the Court's general civil complaint form and is difficult to decipher.  Plaintiff did not check either box on the form to allege the basis of the Court's subject matter jurisdiction (see id. at 4, ¶ II.)  However, in the space that asks for "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case" Plaintiff wrote: "Title VII of Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. violations of Fourth First Fourteenth Admendants [sic] were violated. *I was never granted a due process."  (Id. at 4, ¶ II.A.)  In the space on the form complaint that asks, for diversity jurisdiction purposes, whether the amount in controversy exceeds $75,000, Plaintiff wrote: "Yes, I was removed from my desk on 11/1/2021 @ noon and I have since lost everything, my reputation is tarnished and on paper I have ben black-listed as I applied to over 300 jobs (I have my master's) *I have no healthcare nor dental as I was a 17 yr vested employee and I can't access my pension."  (Id. at 5, ¶ II. B. 3) (emphasis in original).

> Plaintiff's Statement of Claim alleges the following, in its entirety:
>
> SBU/SDM – wrongfully removed me ~2 weeks after my last report (of wrong doing).  IMA Group – tried to force me to sign SSA forms then clinical psychologist "I have to fail you, HR wants me to."  She failed me and wrote the most damaging falsehoods about me.  Then she sent it all to SUNY.  SUNY – ADMIN Judge – called me and tole me to sign the SSA forms.  SUNY (@SBU) Police – Arressted my disabled sister at her Dental appointment (for trespassing), I think they thought she was me (the video footage is sad to watch) *I was never told why I was being removed, only that they said I have to see a doctor because "I am ill."  They stated that you may be medically sick or psychologically.

(Id. at 5-6, ¶ III.)  In the space that calls for a brief and concise statement of damages or other relief is sought, Plaintiff wrote: "I am in debt, lost my place, but most importantly I am now 39 yrs old w/a master's degree that I can't use as my reputation is destroyed.  'All for the greater

2

good'… I thought…" (Id. at 7, ¶ IV.)

Although Plaintiff did not include a copy of the administrative charge she filed with U.S. Equal Employment Opportunity Commission ("EEOC") against Stony Brook School of Dental Medicine, she has attached a copy of a "Right to Sue" letter dated October 13, 2022 from the EEOC in reference to Charge No. 520202202586. (Id. at 8.) The letter apprised Plaintiff that, at her request, the EEOC is releasing jurisdiction over her claim given that more than 180 days have elapsed and no suit has been filed by the United States Department of Justice. (Id.) Plaintiff has also included a letter dated November 22, 2022 addressed to her from Stony Brook University's Director of Human Resource Services. (Id. at 9-10.) The letter apprises Plaintiff that, "[p]ursuant to Section 73 of the Civil Service Law, your ordinary disability leave will end, and your employment will terminate on December 23, 2022, beginning of business due to your absence from your position for one year or more." (Id. at 9.)

## II. Discussion

### A. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of her renewed IFP application, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's renewed IFP application (ECF No. 6) is granted.

### B. Standard of Review

The in forma pauperis statute requires that a court dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's pro se amended complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

1. **Federal Rules of Civil Procedure 8 and 10**

Federal Rule of Civil Procedure 8 sets forth the "General Rules of Pleading" and provides, in relevant part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief;
>
> (3) a demand for relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). "'[T]he statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests.'" McCray v. Lee, 963 F.3d 110, 116 (2d Cir. 2020) (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted)); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Indeed, the purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted). A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal citations and alterations omitted). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

> In addition, Rule 10 of the Federal Rules of Civil Procedure provides, in relevant part:
>
> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).  Here, as is readily apparent, Plaintiff's complaint does not comport with these requirements.  Plaintiff's vague and scant allegations do not give the Defendants fair notice of the claims against them nor upon the grounds upon which they rest.  Thus, even affording the pro se complaint a liberal construction, it does not set forth a plausible claim for relief for the following reasons.  Further, Plaintiff does not include a demand for any relief sought and, instead, alleges only "I am in debt, lost my place, but most importantly I am now 39 yrs old w/a master's degree that I can't use as my reputation is destroyed. 'All for the greater good'… I thought…." (Compl., ECF No. 1, ¶ IV.)

### C. Title VII

Title VII makes it an unlawful for an employer to refuse to hire, discharge, or otherwise discriminate against any individual with respect to employment because of such individual's race, color, religion, sex, or national origin.  See 42 U.S.C. § 2000e-2(a)(1).  To state a claim for employment discrimination under Title VII, a plaintiff must allege that:  (1) she is a member of a protected class; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discriminatory motivation.  Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004); see Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 78 (2d Cir. 2015) ("[I]n a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, or national origin was a motivating factor in the employment decision.").  While a plaintiff need not demonstrate a prima facie case of discrimination at the pleading stage, she must allege facts that "give plausible support to a *minimal* inference of discriminatory motivation."  Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in

original).

The "sine qua non" of a Title VII discrimination claim is that "the discrimination must be *because of*" the employee's protected characteristic. Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam) (emphasis in original). Accordingly, a Title VII discrimination claim is properly dismissed where the plaintiff fails "to plead any facts that would create an inference that any adverse action taken by any defendant was based upon" the protected characteristic. Id. Here, Plaintiff has not alleged any facts from which the Court could reasonably construe circumstances surrounding the termination of Plaintiff's employment that give rise to an inference of discrimination. Indeed, Plaintiff does not allege that she is a member of a protected class, nor does she claim that the termination of her employment was because of any such membership. (See Compl.)

Courts in this Circuit have routinely dismissed discrimination claims where the plaintiff's allegations, like here, fail to suggest discriminatory intent. See, e.g., Patane v. Clark, 508 F.3d 106, 112, n. 3 (2d Cir. 2007) (finding that the district court correctly noted that "[p]laintiff failed to allege even the basic elements of a discriminatory action claim."); Lucas v. Apple Food Serv. of New York, LLC, No. 15-cv-4007, 2015 WL 6507495, at *3 (E.D.N.Y. Oct. 27, 2015) (finding "the complaint fails to plead any facts linking defendant's conduct, i.e., the suspension of plaintiff without pay for two (2) weeks and termination of her employment, to plaintiff's race, color, gender, religion or pregnancy, or supporting a reasonable inference that defendant discriminated against plaintiff because of those protected characteristics.") (citing Hedges v. Town of Madison, 456 F. App'x 22, 24 (2d Cir. Jan.13, 2012) (summary order) (affirming dismissal, inter alia, of the plaintiff's ADA claim on the basis that he "ha[d] not adequately pleaded discrimination on the

7

basis of disability" because he "alleg[ed] not a single fact in support of his claims of discriminatory treatment which might conceivably give notice of the basis of his claims to the defendants"); Berkery v. Archdiocese of Hartford, 352 F. App'x 487, 490 (2d Cir. 2009) (summary order) (affirming dismissal of the plaintiff's ADA claim because the complaint presented no allegations linking the defendant's employment decision to the plaintiff's disability or supporting an inference of disability discrimination); Samuel v. Bellevue Hosp. Ctr., 366 F. App'x 206, 207 (2d Cir. Feb.17, 2010) (summary order) (affirming dismissal of the plaintiff's employment discrimination claim on the basis that he "failed to allege sufficient facts to render plausible his conclusory assertion that the defendants discriminated against him on the basis of his membership in a protected class.")); see also Maldonado v. George Weston Bakeries, 441 F. App'x 808, 808-09 (2d Cir. 2011) (summary order) (affirming dismissal of pro se complaint where plaintiff alleged that other employees involved in similar altercations were given preferential treatment, but did not allege that this preferential treatment was due to race or age); Kouakou v. Fideliscare N.Y., 920 F. Supp. 2d 391 (S.D.N.Y. 2012) (dismissing pro se complaint where comments alleged in complaint did "not create an inference that the denial of [p]laintiff's requested transfer were motivated by his race or national origin, particularly where [p]laintiff [did not allege that employer granted transfer requests of similarly situated employees outside of plaintiff's racial group]"); Palmer v. Safetec of Am., Inc., No. 11-cv-702, 2012 WL 2994060, at *7 (W.D.N.Y. May 31, 2012) (report and recommendation) (dismissing complaint where plaintiff "fail[ed] to allege any facts that could plausibly be construed as establishing [that] Plaintiff's discharge was based on his membership in any of the protected classes [at issue]," and noting that plaintiff failed "to identify or to otherwise specify" employees outside of plaintiff's protected classes who received preferential treatment or

8

engaged in similar misconduct), adopted by 2012 WL 2994057 (W.D.N.Y. July 20, 2012).

Given that absence of any facts suggesting that the termination of Plaintiff's employment was motivated, even in part, by discriminatory animus, she has not alleged a plausible claim for relief. Accordingly, the Title VII claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[2]

### B. Section 1983

Plaintiff also alleges that her rights as protected by the First, Fourth, and Fourteenth Amendments were violated. (See ECF No. 1, Compl. ¶ II.A.) Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). To state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely

---

[2] In addition, it is long established that individuals are not subject to liability under Title VII. See Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004); Jones-Khan v. Westbury Bd. of Educ., No. 21-cv-3908, 2022 WL 280646, at *7 (E.D.N.Y. Jan. 31, 2022) (dismissing Title VII claims against individual defendants because there is no individual liability under Title VII); Gioia v. Singh, No. 20-cv-4014, 2021 WL 602701, at *2 (E.D.N.Y. Feb. 16, 2021) ("'Title VII does not impose liability on individuals.'") (quoting Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995)). Accordingly, Plaintiff's Title VII claims against the individual Defendants are not plausible and are dismissed for this additional reason.

private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

A § 1983 plaintiff must also allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Rather, as the Second Circuit Court of Appeals more recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609 (2d Cir. 2020) *7 (2d Cir. 2020).

**1. Section 1983 Claims Against the SUNY Defendants**

Insofar as Plaintiff seeks to impose Section 1983 against the SUNY Defendants, such claims are barred by the Eleventh Amendment. The Eleventh Amendment to the Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In essence, the Eleventh Amendment prevents non-consenting states from being sued by private individuals in federal court. See Bd. of Tr. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). It is well-established that this immunity extends to alter egos of the State such as SUNY. See Gasparik v. Stony Brook Univ., 296 F. App'x 151 (2d Cir. 2008); Dube v. State University of New York, 900 F.2d 587, 594 (2d Cir. 1990); Walters v. Suffolk County, No. 09-cv-0556, 2009 WL 1605415, at * 3 (E.D.N.Y. June 4, 2009) (dismissing Section 1983 claims against the State University of New York's Stony Brook Medical Center as barred by the Eleventh Amendment); Towers v. SUNY Stony Brook, No. 04-cv-5243, 2007 WL 1470152, at *4 (E.D.N.Y. May 21, 2007); Banks v. SUNY at Buffalo, No. 06-cv-2392, 2007 WL 895505, at *7 (W.D.N.Y. March 22, 2007) ("The Second Circuit has held that for Eleventh Amendment purposes, the State University of New York ("SUNY") is an integral part of the state government that when it is sued, the State of New York is the real party.").

"Although the Eleventh Amendment generally does not bar suits against state officials acting in their official capacity seeking prospective relief, i.e., to enjoin conduct that violates the federal Constitution, that exception to Eleventh Amendment immunity is inapplicable to suits against the States and their agencies, which are barred regardless of the relief sought." Casino v. StonyBrook Univ. Med. Ctr., No. 13-cv-6357, 2014 WL 317368, at *3 (E.D.N.Y. Jan. 27, 2014) (citing Puerto Rico Aqueduct and Sewer Auth. V. Metcalf & Eddy, Inc., 506 U.S. 139, 146, (1993); see also Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984) (holding that the Eleventh Amendment's "jurisdictional bar applies [to claims against the State or one of its agencies or departments] regardless of the nature of the relief sought."); Palmer v. New York State Office of Court Administration, 526 F. App'x 97, 99 (2d Cir. May 7, 2013) (summary order)

11

(holding that the plaintiff was required to name a state official acting in his or her official capacity as a defendant "in order to attempt to avail herself of the exception to Eleventh Amendment immunity under Ex parte Young, 209 U.S. 123….")) (internal citation omitted).

Given that Plaintiff has named state agencies, the Eleventh Amendment's bar precludes adjudication of her Section 1983 claims against these Defendants in this Court. Further, given the absence of any indication of the relief sought, Plaintiff has further failed to allege a plausible Section 1983 claim against any individual state Defendant.[3]

**2. Section 1983 Claims Against the Union and IMA**

As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person acting under color of state law. Thus, private parties are not generally liable under Section 1983. See infra at 10 (citing Am. Mfrs. Mut. Ins., 526 U.S. at 49-50 (1999) (Private conduct is generally beyond the reach of § 1983); Cornejo, 592 F.3d at 127 (An essential element of a Section 1983 claim is state action)); see also Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (a plaintiff must also show that the defendant was either a state actor, or a private individual who acted "under color of state law"). Private individuals who are not state actors may be liable under Section 1983 if they have conspired with or engaged in joint activity with state actors. Ciambriello, 292 F.3d at 323. Given that the Union and IMA are purely private Defendants, Plaintiff's Section 1983 claims against them are not plausible. Id. ("Labor unions such as CSEA generally are not state actors.") And as is readily apparent, Plaintiff's sparse allegations do not include any facts from which the Court could

---

[3] Notably, Plaintiff's mere allegation that the "Fourth, First, [and] Fourteenth admendants [sic] were violated (*I was never granted a Due Process)" does not plausibly allege a Section 1983 claim even if such claim were alleged against a proper Defendant.

12

reasonably construe a basis to find state action under a joint activity or conspiracy theory. Thus, Plaintiff's Section 1983 claims are implausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

### D. State Law Claims

Although Plaintiff does not include the state law counterpart to Title VII in her complaint, given her pro se status, the Court also considers whether the pro se complaint plausibly alleges a discrimination claim under the New York State Human Rights Law, N.Y. Executive Law § 296 ("NYSHRL"). For the following reasons, the Court finds that it does not.

Discrimination claims under the NYSHRL are analyzed under the same framework and pleading standard as Title VII claims. See, e.g., Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010); Weinstock v. Columbia Univ., 224 F.3d 33, 42 n. 1 (2d Cir. 2000) ("The identical standards apply to employment discrimination claims brought under Title VII [and] . . . New York Executive Law § 296 [NYSHRL]…"). Accordingly, for the reasons set forth above, Plaintiff has not alleged a plausible claim under the NYSHRL either and any such claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

As to any other remaining state law claims, under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c); (c)(3); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-

13

law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any other state law claims that may be reasonably construed from the amended complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any other potential state-law claims contained in Plaintiff's amended complaint, apart from the NYSHRL claim which the Court has already dismissed, and thus dismisses any such claims without prejudice.

### C. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Here, the Court has carefully considered whether Plaintiff should be granted leave to amend her complaint. In an abundance of caution, Plaintiff is granted leave to file an amended complaint in accordance with this Memorandum and Order. Plaintiff shall: (1) clearly label her submission "Amended Complaint"; (2) include the same docket number as this Order, 23-CV-0066(JMA)(ARL); and (3) file it within thirty (30) days from the date of this Order. Plaintiff is cautioned that the Amended Complaint will completely replace the present complaint and, therefore, she must include all claims against any proper defendants she seeks to

pursue in the Amended Complaint and shall include factual allegations concerning the challenged conduct pertaining to each Defendant. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter, and this case will be closed.

Plaintiff is encouraged to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, this Court. The Clinic offers services such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings. Consultations with the Pro Se Clinic can be conducted remotely via telephone. If you wish to contact the Pro Se Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

### III. Conclusion

For the forgoing reasons, the Plaintiff's renewed IFP application is granted. However, Plaintiff's complaint is sua sponte dismissed in its entirety and without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) for failure to state a claim for relief. Plaintiff is granted leave to file an Amended Complaint in accordance with this Memorandum and Order. If Plaintiff elects to amend her complaint, she shall clearly label her submission "Amended Complaint," include the same docket number as this Memorandum and Order, 23-CV-0066(JMA)(ARL), shall file it within thirty (30) days from the date of this Order. Plaintiff is cautioned that the Amended Complaint will completely replaces the original complaint. Therefore, Plaintiff must include all claims against any proper defendants she seeks to pursue in the Amended Complaint. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter, and this case will

be closed.

The Court declines to exercise supplemental jurisdiction over any remaining state law claims alleged in the complaint and therefore the state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: July 11, 2023
       Central Islip, New York

                                      /s/ (JMA)
                             HON. JOAN M. AZRACK
                             UNITED STATES DISTRICT JUDGE