FILED
CLERK
10/12/2023 3:55 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-------------------------------------------------------------------X

In re JANE E. GARRAMONE,

**MEMORANDUM & ORDER**
23-CV-00066 (JMA) (ARL)

-------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Before the Court is the amended complaint filed by Jane E. Garramone ("Plaintiff"), acting pro se and proceeding in forma pauperis, pursuant to the Court's July 11, 2023 Order.  (ECF Nos. 8, 10.)  Plaintiff also filed an application for the appointment of pro bono counsel to represent her in this case.  (ECF No. 9.)  Upon review, the Court finds that the amended complaint does not comply with the minimal pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10.  Nor does it allege a plausible claim for relief.  Accordingly, the amended complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and with leave to file a second amended complaint. Plaintiff's application for the appointment of pro bono counsel is denied without prejudice and with leave to renew at a later stage in these proceedings, if warranted at such time.

**I.   Background**

The amended complaint is timely filed in accordance with the Court's July 11, 2023 Memorandum and Order (the "M&O") granting Plaintiff's renewed application to proceed in forma pauperis and dismissing her complaint without prejudice for failure to state a plausible claim for relief.  Plaintiff had named "SUNY System Board of Trustees (Admin. Judges) & (SUNY Attorneys)" ("SUNY"); "SUNY Police @SBU 'Peace Officers'" ("SUNY Police"); Stony Brook Hospital ("the Hospital" and collectively, the "SUNY Defendants"); CSEA Union ("the Union") and "IMA Group PHD'S 'fit for duty'" ("IMA" and collectively "Original Defendants").  Given that the complaint did not comply with the minimal pleading requirements set forth in Federal

Rules of Civil Procedure 8 and 10, the Court dismissed the complaint with leave to amend. The Court set forth those requirements (ECF No. 8 at 4-5) and explained that:

> Plaintiff's complaint does not comport with these requirements. Plaintiff's vague and scant allegations do not give the Defendants fair notice of the claims against them nor upon the grounds upon which they rest. Thus, even affording the pro se complaint a liberal construction, it does not set forth a plausible claim for relief for the following reasons. Further, Plaintiff does not include a demand for any relief sought.

(Id. at 6.) The Court then set forth the pleading requirements for a plausible Title VII claim and concluded that Plaintiff's claims were implausible given her failure to "allege that she is a member of a protected class, nor [] claim that the termination of her employment was because of any such membership". (Id. at 6-8.)[1] Further, the Court dismissed Plaintiff's Title VII claims against the individuals named as Original Defendants because "individuals are not subject to liability under Title VII. (Id. at 9, n. 2.) The Court also dismissed Plaintiff's claims brought pursuant to Section 1983 finding that these claims were not plausible against any Original Defendant because they were barred by the Eleventh Amendment as against the state agencies or were alleged against private parties who do not act under color of state law. (Id. at 10-11.)

In light of Plaintiff's pro se status, the Court set forth clear guidance as to the basic pleading requirements as well as the minimal substantive requirements for plausible Title VII, NYSHRL, and Section 1983 claims, and afforded Plaintiff an opportunity to amend her complaint in accordance with the M&O. (See ECF No. 8 at 14-15.) The Court made clear that "the Amended Complaint will completely replace the present complaint and, therefore, she must include all claims against any proper defendants she seeks to pursue in the Amended Complaint and shall

---

[1] Further, the Court dismissed any state law claims brought under the New York State Human Rights Law because "[d]iscrimination claims under the NYSHRL are analyzed under the same framework and pleading standard as Title VII claims." (Id. at 13.)

include factual allegations concerning the challenged conduct pertaining to each Defendant." (Id.)[2]

## II. The Amended Complaint

Plaintiff's amended complaint does not include a caption, nor does it name any defendants. (See Am. Compl., ECF No. 10 at 1.)  Plaintiff's amended complaint begins with an allegation that she "was granted a useless right-to-sue letter that was intentionally strict on the basis pursuant to Title VII surrounding race, sex, religion and national origin which are all something I cannot use for this claim."  (Id.)  Rather, Plaintiff claims she should be "issued the appropriate right-to-sue letter regarding whistle blower retaliation and an ADA violation" because she was "perceived or regarded as being disabled" and was removed from her job.  (Id.)

Plaintiff's amended complaint does not include numbered paragraphs and begins with her statement of "Relief of Damages" and seeks to recover damages for emotional distress, loss of dental and health benefits, isolation, and "delinquency."  (Id.)  Like the original complaint, the amended complaint is incoherent.  (See ECF No. 10.)

## III. Discussion

### A. Standard of Review

The in forma pauperis statute requires that a court dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.

---

[2] The Court also encouraged Plaintiff to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants.

3

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's pro se amended complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

1. **Federal Rules of Civil Procedure 8 and 10**

Federal Rule of Civil Procedure 8 sets forth the "General Rules of Pleading" and provides, in relevant part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief;
>
> (3) a demand for relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a)(1)-(3). "'[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" McCray v. Lee, 963 F.3d 110, 116 (2d Cir. 2020) (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted)); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Indeed, the purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted). A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal citations and alterations omitted). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

> In addition, Rule 10 of the Federal Rules of Civil Procedure provides, in relevant part:
>
> (a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to the other parties.
>
> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of

5

> circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(a)-(b).  Here, even upon a liberal construction, it is readily apparent that Plaintiff's amended complaint does not comport with these requirements.   The failure of Plaintiff to include a caption or indication as to who she seeks to sue together with her vague and scant allegations, Plaintiff has not alleged a plausible claim for relief.[3]   Accordingly, the amended complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 2. **Pro Bono Counsel Application**

Although 28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel," courts possess substantial discretion to determine whether appointment of counsel for civil litigants is appropriate.  Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 203 (2d Cir. 2003).   When deciding whether to appoint counsel to an indigent civil litigant under § 1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chance of prevailing are therefore poor"); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (stating that "the district judge should first determine whether that indigent's position seems likely to be of substance").   If the threshold showing has been met, the court should next consider the following factors:

---

[3] Nor could the United States Marshal Service effect service in the absence of any defendants in the amended complaint.  Indeed, it is impossible for the Clerk of the Court to issue a summons in this case given Plaintiff's omission of any defendants.

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Johnston, 606 F.3d at 42 (applying the Hodge factors); Carmona, 243 F.3d at 632 (holding that "[o]nly after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute"). However, those factors are not exclusive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61. Given that Plaintiff's amended complaint does not allege a plausible claim, the Court cannot find that her position is likely to be of substance. Accordingly, the Court declines to appoint pro bono counsel at this stage in the proceedings and her application is thus denied.

However, as Plaintiff was advised in the M&O, she may avail herself of the free resources the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. The Clinic offers services such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings. Consultations with the Pro Se Clinic can be conducted remotely via telephone. If you wish to contact the Pro Se Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

### IV.     Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Here, although Plaintiff has already been afforded an opportunity to file an amended complaint, in an abundance of caution and in light of her pro se status, Plaintiff is granted a final opportunity to file a proper amended complaint. To be clear, Plaintiff shall: (1) clearly label her submission "Second Amended Complaint"; (2) include the same docket number as this Order, 23-CV-0066(JMA)(ARL); (3) include a caption with the names of any defendants she seeks to sue;[4]; (4) include numbered paragraphs that provide a short and plain statement of each claim and the grounds upon which they rest; and (5) file it within thirty (30) days from the date of this Order. Plaintiff is cautioned that the Second Amended Complaint will completely replace the present amended complaint and, therefore, she must include all claims against any proper defendants she seeks to pursue in the Second Amended Complaint and shall include factual allegations concerning the challenged conduct pertaining to each defendant named. If Plaintiff does not file a Second Amended Complaint within the time allowed, judgment shall enter and this case will be closed.

### V.     Conclusion

For the forgoing reasons, the Plaintiff's amended complaint is dismissed sua sponte in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for

---

[4] If Plaintiff does not now know the identity of any defendant, she may name them as a "John Doe" or "Jane Doe" but must include sufficient factual information concerning their challenge conduct or inaction as well as an address at which they may be served with a summons and the second amended complaint.

relief. Plaintiff is granted leave to file a Second Amended Complaint in accordance with this Memorandum and Order. If Plaintiff elects to amend her complaint, she shall clearly label her submission "Second Amended Complaint," include the same docket number as this Memorandum and Order, 23-CV-0066(JMA)(ARL), shall file it within thirty (30) days from the date of this Order.  Plaintiff must include a caption with the names of any defendants she seeks to sue as well as include numbered paragraphs that provide a short and plain statement of each claim and the grounds upon which they rest.  Plaintiff is cautioned that the Second Amended Complaint will completely replace the present amended complaint and, therefore, she must include all claims against any proper defendants she seeks to pursue in the Second Amended Complaint and shall include factual allegations concerning the challenged conduct pertaining to each defendant named. If Plaintiff does not file a Second Amended Complaint within the time allowed, judgment shall enter, and this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:   October 12, 2023
         Central Islip, New York                        /s/ (JMA)
                                                  HON. JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE